## City of Chicago, Defendant in Error, v. Albert Steady, Plaintiff in Error.

### Gen. No. 20,587. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of fact. Opinion filed May 11, 1915.

## Statement of the Case.

Complaint by the City of Chicago against Albert Steady, defendant, charging him with a violation of section 2012 of the Chicago Code of 1911.

The only offense charged in the complaint which there was any attempt to prove was that defendant was "known to be a pickpocket and was found lounging in and prowling and loitering about a   *   *   * car   *   *   * public conveyance   *   *   * and was unable to give reasonable excuse for being so found in violation of Section 2012 of the Chicago Code of 1911."

The only testimony in support of said complaint was

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by the police officer who made the arrest, his testimony, on direct examination, being as follows: "On the 17th day of April, A. D. 1914, at six o'clock A. M., I saw the defendant, Albert Steady, at the corner of 12th and Halsted ·streets, getting on a street car going west on 12th street. I know him as a pickpocket and that he was associating with pickpockets, and I got into the street car and placed him under arrest. I arrested him on suspicion that he was trying to pick someone's pocket in the street car."

On cross-examination he testified that he did not see defendant doing anything in the car or at the time he made the arrest. With this testimony the City rested. Defendant testifying, ·admitted that he was in the car in question, and testified that he was going home; that he was a salesman.

In answer to the question put by his counsel, "Are you a pickpocket?" he said, "No, sir, I am working." Defendant then rested and the City's counsel asked, "Are you working now?" and he answered, "No, I have been out of work for a couple of months," and the City again rested.

Defendant was found guilty and fined two hundred dollars, the order providing that on failure to pay the fine he should be imprisoned in the House of Correction not to exceed six months.

To reverse the judgment, defendant prosecutes this writ of error.

WILLIAM SLACK, for plaintiff in error.

JOHN W. BECKWITH and ALBERT J. W. APPELL, for defendant in error; JOHN F. POWER, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. VAGRANCY, § 1*—*when evidence insufficient to support complaint.* Where a complaint charges that defendant was known to be a pickpocket, was lounging in a street car and was unable to give a reasonable excuse for being there, evidence of the officer who arrested him that he saw defendant getting on the car, that he knew defendant to be a pickpocket and arrested him in the car on suspicion that he was trying to pick pockets, but that he did not see defendant doing anything at the time of the arrest, is insufficient to support the complaint, though defendant testified that he had not been working for a couple of months.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when stenographic report sufficient.* Where defendant has been allowed by order of court to file either a statement of facts or a stenographic report, a document certified to as containing all of the evidence submitted and heard is equivalent to a stenographic report and sufficient to bring the evidence up for review, even though it is not, as it is certified to be, a statement of facts.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when stenographic report may be certified by another judge.* Where the *placita* shows that the trial of an action in the Municipal Court of Chicago was had before a judge of the City Court of Chicago Heights, holding a branch of the Municipal Court at the request of the judges of the latter court, a certificate to the stenographic report of the evidence signed by a judge of the latter court to which is appended the words "in the absence of" the Chicago Heights Judge "who is not acting as judge of this court at this time" is sufficient in the absence of a showing or objection in the record that the judge so certifying did not act upon competent proof of the disability of the trial judge.